UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
v.                                  )  Case No. 1:19 CR 183 JAR (ACL)
                                    )
MARCREASE DELANCE FARMER,           )
                                    )
                Defendant.          )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Pending before the undersigned is Defendant Marcrease Delance Farmer's Motion to Suppress Evidence (Doc. 35) obtained following a controlled buy on August 21, 2019. The Defendant's Motion to Suppress Statements (Doc. 36) was orally withdrawn during the suppression hearing.

Farmer argues that his constitutional rights were violated when an Undercover (UC) Officer entered his vehicle to make a controlled purchase of drugs.  He first claims the UC Officer did not have probable cause to enter his vehicle.  Farmer also claims that he did not consent to the UC Officer's entry into his vehicle.   Once inside the vehicle, Farmer sold the UC Officer a purported one-half pound of methamphetamine.  The methamphetamine was in a bag on the passenger side floorboard of the car and the UC Officer retrieved the bag.  Farmer claims "[s]aid entry of the automobile and seizure of the bag was the fruit of an unlawful, warrantless search of an automobile."  (Doc. 35 at p. 2.)

The Government opposed Farmer's suppression motion, responding that: 1) the UC Officer received consent to enter Farmer's vehicle, 2) the UC Officer's purchase of illegal drugs

did not constitute a search, and 3) the UC Officer had probable cause to search Farmer's vehicle and seize the drugs.  (Doc. 38.)

After an evidentiary hearing, both parties submitted memoranda.  (Docs. 43, 44.)

In consideration of the pleadings identified above, as well as the exhibits admitted into evidence, the undersigned recommends that the following findings of fact and conclusions of law be adopted; and that the Defendant's Motion to Suppress Evidence be denied.

## I.  Findings of Fact

The instant Indictment charges Farmer with three counts of distributing more than 50 grams of methamphetamine on August 2, 8, and 21 of 2019.   (Doc. 2.)  The instant Motion requests the suppression of the methamphetamine Farmer sold to an undercover officer on August 21, 2019.

The single witness at the suppression hearing was Sgt. Travis Templemire of the Missouri State Highway Patrol.  He has worked in law enforcement for more than 20 years and has been assigned to the Southeast Missouri Drug Task Force for the past eight years.  Sgt. Templemire indicated that he has received training on how to conduct controlled purchases of illicit substances, he has been involved in hundreds of controlled buys, and he teaches at the narcotics school for law enforcement officers.

In the early summer of 2019, Sgt. Templemire was working with an individual who agreed to work as a confidential informant (CI).  Under the direction of Sgt. Templemire, the CI purchased methamphetamine from Farmer a few times beginning around June 5, 2019.  At some point, the CI introduced Sgt. Templemire to Farmer while Templemire was acting in an undercover capacity.  Sgt. Templemire's investigation of Farmer resulted in controlled purchases of methamphetamine from Farmer on at least five separate occasions.

On August 19, 2019, text communications began between Sgt. Templemire and Farmer regarding Farmer selling one-half pound of methamphetamine to Templemire.  Two days later, on August 21, 2019, Farmer texted Sgt. Templemire to let him know that he had the methamphetamine and was ten minutes away from their meeting spot.  Sgt. Templemire arrived at the parking lot first.  When Farmer arrived, he parked next to Sgt. Templemire's vehicle and invited Templemire to get in his car.  Sgt. Templemire entered the front passenger door.  Next, he paid Farmer for the methamphetamine and Farmer counted the money.  Sgt. Templemire observed a bag on the passenger side floorboard.  He retrieved the bag and it contained methamphetamine.  Sgt. Templemire did not arrest Farmer at that time.  The objective of the controlled purchases was to identify Farmer's source for the methamphetamine and that effort was unsuccessful.

Farmer requests suppression of the methamphetamine from the August 21, 2019 controlled purchase.

## II.  Conclusions of Law

The record supports that Sgt. Templemire performed a controlled purchase of methamphetamine from Farmer on August 21, 2019.  As such, there are no grounds for suppression.

The United States Supreme Court has long recognized that the Government is entitled to use decoys and to conceal the identity of its agents in the investigation of many types of crime. *Lewis v. United States*, 385 U.S. 206, 208-09 (1966).  The *Lewis* Court concluded that when a suspect invites an undercover officer into his home to execute a felonious sale of narcotics, the fact that the agent misrepresents his identity does not violate the suspect's Fourth Amendment rights.  *Id*. at 210.

Additionally, a purchase of drugs by a law enforcement officer acting as an undercover agent is not a search or seizure under the Fourth Amendment. *United States v. Davis*, 646 F.2d 1298, 1301 (8th Cir. 1981). The facts in *Davis* are similar to the instant case in that undercover DEA agents accompanied by an informant went to Davis' residence to purchase methamphetamine from Davis. The Eighth Circuit concluded that Davis invited the officers to her home for the purpose of selling them narcotics, and the officers' completion of the purchase was not a Fourth Amendment violation. *Id*. at 1301-02. Furthermore, where a suspect drives a vehicle to the site of an expected drug transaction for the purpose of selling drugs at the site, that provides officers with probable cause to search the vehicle for drugs. *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993) (warrantless arrest of subject who arrived at location to deliver drugs and seizure of the drugs provided probable cause for arrest and seizure). *See also United State v. Webster*, 625 F.3d 439 (8th Cir. 2010) (when subject who sold drugs to informant on two prior occasions arrived to make a third sale, arrest of subject and seizure of drugs was lawful after subject arrived at the agreed location for third purchase and informant gave signal that subject possessed crack cocaine).

As argued by the Government, Farmer sold methamphetamine to Sgt. Templemire and an informant on multiple occasions. Farmer contacted Sgt. Templemire on August 21, 2019, so that they could meet for the purpose of Farmer selling one-half pound of methamphetamine. When Farmer appeared at the meet location, he invited Sgt. Templemire into his car and took money from the officer. While Farmer did not hand the methamphetamine to Sgt. Templemire, he placed it in a location that made it easily accessible to Templemire and he did not object when Templemire retrieved it. Farmer was familiar with the officer due to their prior dealings and there is no doubt he met with Sgt. Templemire in the parking lot for the purpose of selling the

methamphetamine.  The fact Farmer was not arrested immediately following the transaction does not impact the legality of the seizure of the methamphetamine.  It is important to note that Templemire did not "see, hear, or take anything that was not contemplated, and in fact intended, by [Farmer] as a necessary part of his illegal business."  *Lewis*, 385 U.S. at 210.

Farmer's request for suppression of the methamphetamine he sold to Sgt. Templemire on August 21, 2019, should be denied.

### III.  Conclusion

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Suppress Evidence (Doc. 35) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Defendant's oral request to withdraw his Motion to Suppress Statements (Doc. 36) be **granted**.

Further, the parties are advised that they have until not later than November 27, 2020, in which to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

/**s**/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of November, 2020.