UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:19-cr-00183-SRC |
| MARCREASE DELANCE FARMER, | ) ) ) |
| Defendant. | ) |

## Order

Defendant Marcrease Delance Farmer alleges that an undercover police officer violated his constitutional rights under the Fourth Amendment by entering into and searching his car without consent or probable cause. Docs. 35; 43; 52. Farmer further claims—that because the undercover officer unlawfully searched his car—the Court must suppress any evidence seized during the search. *Id.* The Court disagrees. The Court finds—that because the undercover officer had reasonable grounds for suspecting that Farmer intended to sell narcotics and, therefore, that Farmer's car contained evidence of his intent to distribute narcotics—the undercover officer had probable cause to search Farmer's car.

**I.    Background**

A grand jury indicted Farmer on three-counts of knowingly and intentionally distributing fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine on August 2, 2019, August 8, 2019, and August 21, 2019 in violation of section 841(a)(1) of the Controlled Substances Act. Farmer has filed two pretrial suppression motions: 1) a Motion to Suppress Evidence, and 2) a Motion to Suppress Statements. Docs. 35–36. Farmer's Motion to Suppress Evidence seeks a court order suppressing evidence seized on

August 21, 2019 by undercover officer Sergeant Travis Templemire.  Doc. 35.  Farmer orally requested to withdraw his Motion to Suppress Statements during an evidentiary hearing.  Doc. 42.

The Court referred Farmer's pretrial motions to United States Magistrate Judge Abbie Crites-Leoni pursuant to 28 U.S.C. § 636(b).  After an evidentiary hearing and post-hearing briefing submissions, Judge Crites-Leoni issued a Report and Recommendation detailing her factual findings, legal conclusions, and recommendations on Farmer's pretrial motions.  Docs. 41–45.  The Report and Recommendation recommends that the Court: 1) deny [35] Farmer's Motion to Suppress Evidence, and 2) grant Farmer's oral request to withdraw his [36] Motion to Suppress Statements.  Doc. 45.

Farmer objects to Judge Crites-Leoni's recommendation, conclusions of law, and portions of her findings of fact.  Doc. 52.  The United States agrees with the Report and Recommendation and opposes Farmer's objections.  Doc. 53.

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).  In making its de novo determination, the Court reviewed the entire record, including the audio recording of the September 2, 2020 evidentiary hearing, and the video that the United States introduced as evidence at the evidentiary hearing.

**II.     Analysis**

    **A.     Objections to findings of fact**

Farmer objects to three specific findings of fact in Judge Crites-Leoni's Report and Recommendation. Doc. 52 at ¶¶ 2-4. The Court addresses Farmer's three objections in turn.

        **1.     Distribution of narcotics finding**

First, Farmer objects to Judge Crites-Leoni's finding that he sold or distributed narcotics to Sergeant Templemire or a criminal information. Farmer's first objection specifically states:

> Defendant objects to portions of the Report and Recommendation's findings of fact Specifically, Defendant objects to the finding that he ever sold or distributed any narcotics to the Government's witness, Sgt. Travis Templemire or a confidential informant.

*Id.* at ¶ 2.

The United States disagrees with Farmer's objection, and argues that that the record clearly supports that Farmer sold and distributed narcotics to both Sergeant Templemire and a confidential informant. Doc. 53 at pp. 2–3. The United States cites to Sergeant Templemire's testimony at the evidentiary hearing. *Id.*

On de novo review, the Court finds that the evidence supports Judge Crites-Leoni's finding of fact. Sergeant Templemire's testimony supports that Farmer sold and distributed narcotics to him and a confidential informant on multiple occasions. Accordingly, the Court overrules Farmer's objection.

        **2.     Text messages and phone calls finding**

Second, "[Farmer] objects to the finding that he exchanged text messages or phone calls with Sgt. Templemire." Doc. 52 at ¶ 3. Farmer fails to cite to any specific facts in support of his objection. The United States argues that the record clearly supports this finding of fact. Doc. 53 at pp. 2–4.

3

On de novo review, the Court finds that evidence in the record supports Judge Crites-Leoni's finding of fact. Sergeant Templemire testified that he exchanged a number of text messages and phone calls with Farmer. Farmer's meeting with Sergeant Templemire in a parking lot on August 21, 2019 also supports that Farmer and Sergeant Templemire exchanged communications. Accordingly, the Court overrules Farmer's objection.

### 3. Invitation to enter car finding

Third, Farmer objects to Judge Crites-Leoni's finding that he invited Sergeant Templemire into his car. Farmer's third objection specifically states:

> Defendant further objects to the Magistrate Court's finding that Defendant invited Sgt. Templemire into his vehicle on August 21, 2019. Sgt. Templemire's testimony at the hearing and the Government's Exhibit 1 (a video) did not support the finding that he was invited into Defendant's vehicle. The video, which Sgt. Templemire alleges to be a record of the events of August 21, 2019, does not support the conclusion that Defendant invited Sgt. Templemire into his vehicle, or had other lawful reasons to enter the vehicle.

Doc. 52 at ¶ 4. The United States argues that the record clearly supports this finding of fact. Doc. 53 at p. 4.

On de novo review, the Court finds that evidence in the record supports that Farmer did invite Sergeant Templemire into his car. The video introduced by the United States at the evidentiary finding supports the Courts finding. On the video, Farmer says "What up?" shortly after coming in contact with Sergeant Templemire. Additionally, in the video, Farmer does not protest or object to Sergeant Templemire entering, or remaining in his car; at no time does Farmer tell the sergeant to leave his car. Instead, the video reveals a pleasant conversation lasting a few minutes, and as the encounter concludes Farmer saying: "All right brother."

4

Farmer told the sergeant to "come over" to Farmer's car, and Farmer never objected to his getting in the car. The sergeant testified that he had made previous drug purchases from Farmer inside Farmer's home. Sergeant Templemire also testified that Farmer invited him into his car, but on cross-examination conceded that Farmer did not expressly say "come into my car" but instead said "come over here," and never objected to the sergeant getting into the car. Regardless of whether Farmer spoke the words "get into the car" or the like immediately before the transaction occurred, Farmer's arranging the place and time of the transaction, meeting Sergeant Templemire at the appointed place and time, telling the sergeant to "come over here," welcoming him into the car, and engaging in a pleasant, several-minutes-long conversation with him in the car show that Farmer invited the sergeant to get in the car. Accordingly, the Court overrules Farmer's objection.

Regardless of any invitation, Sergeant Templemire had probable cause—before he got into the car—to believe that Farmer possessed illegal drugs at that time. Sergeant Templemire testified that he had made undercover purchases of methamphetamine from Farmer on various days before the purchase on August 21, 2019, including at Farmer's home. Doc. 42. He further testified that on August 20 and 21, he exchanged text messages and phone calls with Farmer specifically about arranging the August 21 meeting. In one of those calls, Farmer told Sergeant Templemire that he (Farmer) had the drugs, and then told the sergeant when and where to meet him (Farmer) to conduct the transaction. *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993) (warrantless arrest of subject who arrived at location to deliver drugs and seizure of the drugs provided probable cause for arrest and seizure). *See also United State v. Webster*, 625 F.3d 439 (8th Cir. 2010) (when subject who sold drugs to informant on two prior occasions arrived to make a third sale, arrest of subject and seizure of drugs was lawful after

5

subject arrived at the agreed location for third purchase and informant gave signal that subject possessed crack cocaine).

Having reviewed the record de novo, the Court adopts the findings of fact set forth in Judge's Crites-Leoni's Report and Recommendation and makes additional findings as set forth in this Order.

B.     Objections to conclusions of law

Farmer asserts various objections to Judge Crites-Lenoi's conclusions, and they all turn on whether Sergeant Templemire had probable cause to enter and search his car. Doc. 52 at ¶¶ 5–13. First, Farmer asserts that Judge Crites-Leoni incorrectly relied on *Davis*. Doc. 52 at ¶ 5. Farmer argues that *Davis* does not apply to this case because he did not invite Sergeant Templemire into his car. *Id.* For example, Farmer states:

> In the case at hand, the Magistrate Court relied on two arguments. The first is that the Agent's conduct did not violate Defendant's rights under the Fourth Amendment when viewed in light of *United States v. Davis*, 646 F.2d 1298, 1301 (8th Cir. 1981). In *Davis*, the defendant invited undercover officers into her home in order to sell them narcotics. *Id.* at 1301-02. The Eight Circuit concluded that the officers' home-entry under those circumstances was not a Fourth Amendment violation. *Id.* However, in the case at hand, Defendant never invited Sgt. Templemire into his car.

*Id*. The United States argues that *Davis* applies in that the Eighth Circuit's holding that a purchase of drugs by a law enforcement officer acting as undercover agent is not a search or seizure under the Fourth Amendment. Doc. 53 at pp. 5–6.

On de novo review, the Court concludes that *Davis* applies. The *Davis* court stated that the "crucial element in deciding issues like the one presented here is . . . whether the illegal activity that took place on the premises was known by the party extending the invitation to enter." *Id.* at 1301. As explained above, the evidence shows that Farmer invited Sergeant Templemire to enter his car, and that Farmer arranged the place and time to meet to sell drugs to

6

Sergeant Templemire, in other words, that the person extending the invitation to enter knew of—and here, expressly arranged—the illegal activity.  *Id*.

Farmer's *Davis* objection misses the mark for another reason.  Judge Crites-Leoni states that "[t]he facts in Davis are similar to the instant case in that undercover DEA agents accompanied by an informant went to Davis' residence to purchase methamphetamine from Davis."  Doc. 45 at p. 4.  Judge Crites-Leoni's conclusion relies on *Davis* for the proposition that "a purchase of drugs by a law enforcement officer acting as an undercover agent is not a search or seizure under the Fourth Amendment."  Doc. 45 at p. 4*.; Davis* at 1301.

Second, Farmer objects to both the finding that he previously sold narcotics to Sergeant Templemire, and that he had text and phone communications with Sergeant Templemire about arranging a drug transaction.  Doc. 52 at ¶¶ 6–12.  For example, Farmer states:

> The Magistrate Court further concluded, based upon *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993), that regardless of an invitation, or not, to enter the vehicle, the sergeant was authorized to search Defendant's vehicle because of his conclusion that Defendant arrived at the scene to sell narcotics. The evidentiary hearing, however, does not support such a conclusion. Defendant objects to any assertions that he previously sold narcotics to Sgt. Templemire, and that he had text or telephonic communications with Sgt. Templemire to arrange an alleged drug transaction.

Doc. 52 at ¶ 6.  As explained above, the evidence supports the conclusion that Sergeant Templemire had probable cause to search the car because he had made undercover purchases of methamphetamine from Farmer on various days before the purchase on August 21, 2019, including at Farmer's home, and that on August 20 and 21, he exchanged text messages and phone calls with Farmer to arrange the August 21 meeting, and in one of those calls, Farmer told him that he (Farmer) had the drugs, and then told the sergeant when and where to meet Farmer to conduct the transaction.  Based on the Court's de novo review of the evidence and the law,

7

Judge Crites-Leoni correctly concluded that no grounds for suppression exist.   Doc. 45 at pp. 3–5.

**III.        Conclusion**

The Court sustains, adopts, and incorporates United States Magistrate Judge Abbie Crites-Leoni's [45] Report and Recommendation and makes additional findings and conclusions as set forth above.

Accordingly, the Court denies Defendant Marcrease Delance Farmer's [35] Motion to Suppress Evidence, and grants Defendant Marcrease Delance Farmer's oral request to withdraw his [36] Motion to Suppress Statements.

Dated this 3rd day of February 2021.

                                                              **STEPHEN R. CLARK**
                                                              **UNITED STATES DISTRICT JUDGE**